Here is the final case on the calendar, Tafuto v. Donald J. Trump For President. Good morning, Judge. Good morning. I'm Louis Tafuto for the plaintiff in this case, Your Honor. You may proceed. You'll have five minutes. Okay. Okay. Actually, the problem, Your Honor, is they said that originally I had five minutes. Then I spoke to the gentleman this morning who told me I had two minutes. So I changed part of my argument. So I'm going to give you the two-minute version. Okay. Well, you will have two minutes of uninterrupted argument, and then there could be three minutes of questions. But if you are more comfortable with your five-minute presentation, please go ahead. I'm going to keep it to the two for now, not to get too confused, though. I'll start. Thank you, Your Honor. Please proceed. One of the important things you need to know about this case are I am not challenging the Electoral College. I'm challenging the force and campaign practices of defendants who used the Electoral College to lose my vote. In connection to standing on one of the shared injuries, the lower court already recognized my complaint and asserted a vote dilution injury. The lower court also recognized my complaint and asserted this injury was inflicted on me as a resident of New York. New York serves as a district in a federal election in a similar manner that a congressional district serves in a state election. It would be in alignment with the lower court opinion to say my complaint asserts I had a district-specific vote dilution injury, which makes it concrete in particular. The facts meet the criteria for standing even with the widely shared injury and are supported by Gill v. Wafer, Reynolds v. Sims, FEC v. Atkins, Spokiel v. Robinson, and Massachusetts v. the EPA. In relationship to possibility arguments, starting on page 22 of my brief, I would add the following. Anderson News LLC v. American Media supports the position that 12B decisions on causation is premature due to the multiple choices among plausible inferences or scenarios and should be one of the fact-finders. A court ruling on subject motion may not properly dismiss a complaint merely because the court finds a different version more plausible. I would also add that Davis v. Garcia also explained the intent is a criteria for causation. My complaint alleges content exhibit A and B show intent. According to Davis v. Garcia, the conclusion of intent would make it plausible the defendant's actions affect the weight of my vote. I assure my complaint meets the criteria for causation. My injury is concrete in particular. My vote should not be subject to the Dunning-Krager campaign practices. The most important thing is you need to know that. Yes. Your Honor? Yes. You've admirably stuck to your two minutes, but if you want to say something more, you have three more minutes. Go ahead. Yes. Your Honor, according to my pro se, the information that I have is not necessarily memorized or committed to memory. My living room right now looks like January 6th in the middle of New Year's Day. I have papers all over the place, and when you ask me questions, I'll be referring to those papers. So it may take me a while to look up the case and be able to read it to you. I ask that the court may give me some time to do that. If not, I can answer any question that you ask me, but I might have to admit it in writing afterwards, but if that be possible. I have a question for you. Can you explain how this injury affects you as an individual uniquely as opposed to other people in New York and around the country who cast votes for somebody other than the President? When you cast votes for other than the President? Yes. I believe it's general solutions violations are permitted. The solution of the vote is district specific. The right to a voter's individual and personal nature. Voters who allege actual disadvantages themselves as individuals have rights to sue to remedy those disadvantages. To the extent that the plaintiff allege harm if the delusion of their vote that injury is directly specific. A plaintiff who complains of gerrymandering but does not live in a district asserts only a generalized grievance against government conduct of which she does not approve. But what I'm saying, Your Honor, is this is a district specific injury. The district within the Electoral College is the state of New York. The state of New York is the lowest point on the Electoral College. That's what I'm trying to say. Thank you. Your time has expired. We thank you for your argument. We'll now hear from your adversary. Good morning, Your Honors. My name is Jareb Umedi. Can everybody hear me? Yes. Good morning. As the district court correctly found, you know, first in its August 18 decision granting defendants' motion to dismiss, and then again in June 19 denying reconsideration, Mr. DeFuto simply lacks standing to assert his claims in this lawsuit. His vote dilution theory alleges harm on a nationwide basis, harm to the entire election process. He alleges that defendants directed certain misinformation toward certain, quote, vulnerable but otherwise completely unidentified voters in key swing states with historical Democratic leanings, causing these unidentified voters in these swing states to cast deciding votes basically to President Trump. Mr. DeFuto alleges that because these swing states, you know, went into the Republican electoral vote column, defendants thereby diluted the potential for these swing states to go Democratic in the 16th election, and that somehow impacted the value of his vote. But as Mr. DeFuto himself acknowledges, and as I believe Your Honor correctly pointed out in the question, he suffered the very same alleged harm as the millions of others throughout the country who voted against President Trump. And his claim of harm derives from alleged voter manipulation outside of New York State, where he cast his vote. So that renders Gill completely inapplicable. Can I ask you, Mr. DeFuto raises an argument that I'd like you to address trying to distinguish Davis from the case at hand. He says that the language about causation in Davis, at least as I understand his argument, has to do with circumstances that are beyond the campaign's control. For example, an FBI raid on city offices during a mayor's reelection campaign. But in here, the actions alleged to have swung the election were within the campaign's control, so the argument is. How do you respond? In a manner substantially similar to how Judge Swain responded to the same argument on reconsideration, which is that the fact remains that the causal link between Mr. DeFuto's alleged harm and defendants' alleged conduct remains entirely speculative and way too tenuous. You know, his vote dilation theory requires one to assume that an entire class of these, quote, vulnerable but otherwise unidentified voters in three different states, which he does not even reside, relied on misinformation that defendants purportedly directed towards them. And that it was this information that caused these individuals to vote for President Trump, as opposed to, and I believe the Davis case hits this point home, the countless other factors that could have caused these individuals to vote the way they did, such as reasons wholly unrelated to defendants' alleged misinformation. So I believe it's a distinction without significance, because the primary portion of Davis, which we believe holds true here, is that the causal link, the fairly traceable, irreducible element of Article III standing, simply does not exist here. Thank you. And any further questions from Judge Wesley or Judge Sack? No, thank you. Thank you. Thank you, Judge. Thank you both for your arguments. The court will reserve decision.